978 F.2d 745
 298 U.S.App.D.C. 248
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES, Appellee,
v.
Allen LAWRENCE, Appellant.
 No. 91-3201.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 22, 1992.
 
 Before MIKVA, Chief Judge and D.H. GINSBURG and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. The arguments have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED by this Court that the appellant's conviction be affirmed.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b).
 
 MEMORANDUM
 
 4
 Appellant was charged with one count of possession of cocaine base with an intent to distribute, in violation of 21 U.S.C. § 841(a) and (b)(1)(B)(iii). The arresting officer testified that he received a tip from an anonymous informant that a man "wearing a long black coat, khaki colored pants, dark complexion" was walking down the street carrying a handgun. A few minutes later, the officer, accompanied by two other policemen, accosted the appellant, who matched the description provided by the informant. The officer directed the appellant to remove his hands from his coat pockets and noticed a plastic bag containing crack in one of the pockets. He seized the bag and arrested appellant.
 
 
 5
 After a suppression hearing, District Court Judge William B. Bryant denied appellant's motion to suppress the use of the seized drugs as evidence. Appellant subsequently pleaded guilty to the indictment, and the District Court sentenced him to 63 months in prison.
 
 
 6
 Appellant challenges the District Court's ruling denying his motion to suppress physical evidence. He argues that the anonymous tip did not constitute an adequate basis for the reasonable suspicion required for a Terry -type stop. In addition, he asserts that the officer's seizure of the bag exceeded the scope of a legitimate Terry pat down and was not justified by any exception to the warrant requirement, including the plain-view exception. He suggests that the District Court never made a credibility finding as to the officer's testimony that he could see the cocaine inside Mr. Lawrence's pocket.
 
 
 7
 In U.S. v. Clipper, No. 91-3126 (D.C.Cir. Sept. 4, 1992), we held that the police were justified in making a Terry stop based on a very similar anonymous tip, in which the informant reported that he had seen a man with a gun. We find that this case is almost identical to U.S. v. Clipper, and we thus affirm the District Court's rejection of appellant's claim that the evidence should be suppressed because of lack of reasonable suspicion.
 
 
 8
 We also find that the officer's seizure of the drugs was a constitutional plain-view seizure. Although Judge Bryant initially expressed skepticism as to the officer's testimony and never articulated a specific finding as to his credibility, it is clear from the transcript that Judge Bryant was finally convinced that the testimony on "plain view" was credible. We do not lightly affirm despite a trial court's disregard of Rule 12(e) of the Rules of Criminal Procedure, which requires that essential findings be stated on the record. The rule serves important functions, facilitating appellate review and assuring that the trier of fact has performed the critical fact-finding function and has done so with care. See United States v. Williams, 951 F.2d 1287, 1288 (D.C.Cir.1991). It is only because the record in this case demonstrates that Judge Bryant did both in his diligent effort to determine credibility that we do not remand for specific findings on the record. We therefore uphold the District Court's denial of appellant's motion to suppress and affirm the conviction.